This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 32,980**

**ANGEL CHAVEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}    Defendant has appealed from a conviction for DWI. The State promptly filed a motion to dismiss, challenging the jurisdiction of this Court to review decisions rendered by the district courts in cases involving on-record appeals. We delayed disposition in order to await a formal decision on that issue. Recently, in *State v. Carroll*, 2013-NMCA-___, ¶¶ 1, 5, 9, 12, ___ P.3d ___ (No. 32,909, Oct. 21, 2013), this Court held that appeals from on-record decisions heard first by the district courts are properly before us. We therefore deny the State's motion to dismiss.

{2}    Turning to the merits, we previously issued a notice of proposed summary disposition in which we proposed to uphold Defendant's conviction. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded.

{3}    Defendant has challenged the sufficiency of the evidence to support her conviction for DWI under the impairment-to-the-slightest-degree standard. [DS 10; MIO 8-9] As described at greater length in the notice of proposed summary disposition, the State presented evidence, principally through the testimony of the officer who initiated the stop and conducted the ensuing DWI investigation, in satisfaction of each of the elements of the offense. In her memorandum in opposition Defendant does not dispute the presentation of that evidence. Instead, she suggests that "[t]he totality of the evidence was not sufficiently compelling" to establish her guilt with "certitude." [MIO 6-7] In this regard Defendant urges this Court to re-weigh

2

the credibility of the witnesses and to draw its own inferences. [MIO 7-9] This we cannot do. *See generally State v. Nevarez*, 2010-NMCA-049, ¶ 9, 148 N.M. 820, 242 P.3d 387 ("[T]his Court will not re-weigh the credibility of the witnesses at trial or substitute its determination of the facts for that of the jury as long as there is sufficient evidence to support the verdict.").

{4}	Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{5}	**IT IS SO ORDERED.**


_____
**TIMOTHY L. GARCIA, Judge**


**WE CONCUR:**


_____
**J. MILES HANISEE, Judge**


_____
**M. MONICA ZAMORA, Judge**